IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIME A. DIAZ O'NEILL,<br><br>**Plaintiff,**<br><br>v.<br><br>MUNICIPALITY OF CAROLINA, *et al.*,<br><br>**Defendants.** | CIVIL NO. 22-1451 (JAG) |

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court are Defendants' unopposed motions to dismiss for failure to state a claim. Docket Nos. 42; 46; 47. After reviewing the filings and applicable law, Defendants' Motions are hereby **GRANTED**.

## BACKGROUD

Plaintiff's Complaint makes vague, general allegations without including any factual support for his claims.[1] In sum, Plaintiff claims in a conclusory manner that Defendants "organized, planned, fabricated, illegally, criminally, conspired [sic] [Plaintiff's] kidnapping . . . through a false arrest with the intention of causing him harm and depriving him of the due process of law in a civil proceeding submitted to a federal district court." Docket No. 2 at 6. He also alleges that Defendants' actions were intended to influence cases pending in this Court and seems to imply these actions were somehow related to his father's death. *See* Docket No. 2 at 6-9. However,

---

[1] This is not the first time the Court has faced this situation with Plaintiff. *See* Docket No. 42 at 2 n.1.

**CIVIL NO.** 22-1451 (JAG)                                                                                                          2

Plaintiff's Complaint lacks factual allegations regarding the elements necessary to sustain recovery under some actionable theory.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). The First Circuit has cautioned against confounding the plausibility standard with the likelihood of success on the merits, explaining that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible.") (citation omitted). Even taking plaintiff's well-pled allegations as true, however, courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like."

**CIVIL NO.** 22-1451 (JAG)                                                                                              3

*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient as well. *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

## ANALYSIS

### I.   Sovereign Immunity

The Eleventh Amendment bars suits seeking monetary damages against states brought in federal courts by its own citizens as well as by citizens of another State. *Sinapi v. R.I. Bd. of Bar Examiners*, 910 F.3d 544, 553 (1st Cir. 2018). "This immunity does not solely protect the State. Rather, since a State only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or 'alter egos' of the State, which includes the officers acting on behalf of the state." *Sánchez-Ramos v. P.R. Police Dep't*, 392 F. Supp. 2d 167, 177 (D. P.R. 2005) (citing *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R.*, 818 F.2d 1034, 1036 (1st Cir. 1987)). "The [E]leventh [A]mendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." *De León López v. Corp. Insular de Seguros*, 931 F.2d 116, 121 (1st Cir. 1991) (citation omitted). "This jurisdictional bar applies regardless of the nature of the relief sought." *Díaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 33 (1st Cir. 2006) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

The Department of Justice of the Commonwealth of Puerto Rico and its officers are considered alter egos of Puerto Rico and, thus, the Eleventh Amendment immunity bars Plaintiff's monetary damages claims against these co-Defendants. Because Plaintiff's Complaint only seeks

**CIVIL NO.** 22-1451 (JAG) 4

monetary damages, all claims against the Department of Justice of the Commonwealth of Puerto Rico and its officers are hereby **DISMISSED WITHOUT PREJUDICE**.

## II. Failure to State a Claim[2]

Plaintiffs must meet the minimum standards for a complaint to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. A complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a) (cleaned up). To comply with Rule 8(a), the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

Plaintiff's Complaint does not meet the minimum requirements to survive a motion to dismiss. It does not set forth any factual allegations or cognizable legal claims. The Complaint alleges that Plaintiff was illegally kidnaped by Defendants but fails to include any particularized allegations to support his claims such as who allegedly kidnaped him, where the alleged kidnaping took place, or how each Defendant was involved. Plaintiff's Complaint simply fails to give Defendants "fair notice" of the claims asserted against them.

Plaintiff asserts claims under the civil RICO Act and 42 U.S.C. § 1983 ("Section 1983"), while also alleging claims for civil rights violations, fraud, false arrest, and kidnapping. Docket

---

[2] "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (cleaned up). However, "where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit." *Id.* at 681-82. "If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." *Id.* at 682.

CIVIL NO. 22-1451 (JAG)                                                                                       5

No. 2 at 5. However, "mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985). Here, Plaintiff's conclusory allegations of fraud and conspiracy, without providing any specific supporting facts, are woefully insufficient to satisfy the particularity requirement.

A viable civil RICO claim requires a showing "requires demonstrating: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lerner v. Colman*, 26 F.4th 71, 77 (1st Cir. 2022) (cleaned up). Plaintiff failed to put forth any factual allegations as to each of these elements. In fact, there is no allegation that Defendants engaged in at least two acts of racketeering activity. Accordingly, all RICO claims are hereby **DISMISSED WITH PREJUDICE**.

As to Section 1983, this statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (cleaned up). To state a Section 1983 claim, "a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." *Harron v. Town of Franklin*, 660 F.3d 531, 535 (1st Cir. 2011) (citation omitted). Plaintiff alleges that he was deprived of due process of law in a conclusory fashion. However, "[t]he Due Process Clause has both procedural and substantive components. The former ensures that government, when dealing with private persons, will use fair procedures. The latter safeguards individuals against certain offensive government actions, notwithstanding that facially fair procedures are used to implement them." *Id.* at 536 (cleaned up). Plaintiff's Complaint failed to sufficiently plead any due process violation. He did not provide sufficient factual allegations to plausibly "show *both* that the acts were so egregious as to shock the conscience *and*

**CIVIL NO.** 22-1451 (JAG) 6

that they deprived him of a protected interest in life, liberty, or property." *Id.* Plaintiff has also failed to sufficiently plead that Defendants interfered with a liberty or property interest, and that "the procedures attendant upon that deprivation were constitutionally sufficient." *Id.* at 537. Thus, all Section 1983 claims are hereby **DISMISSED WITH PREJUDICE**.[3]

## CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** the Motions to Dismiss. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Department of Justice of the Commonwealth of Puerto Rico and its officers; and **DISMISSES WITH PREJUDICE** the remaining claims. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Monday, July 22, 2024.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[3] The Court is mindful of the First Circuit's warnings about *pro se* dismissals for failure to state a claim. *See Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) ("In reviewing the dismissal of a pro se complaint for failure to state a claim, we must construe it liberally, and consider the allegations which we take as true, in the light most favorable to the plaintiff.") (cleaned up). However, the First Circuit has stated that *pro se* dismissals are "warranted only if plaintiff is not entitled to relief under any set of facts he could prove." *Id.* (cleaned up). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Based on Plaintiff's failure to plead sufficient facts to state a claim and his failure to oppose the pending Motions to Dismiss, the Court finds that dismissal is warranted in this case.